ASA P. ST. CLAIR *vs.* JAMES S. CLEVELAND.

Knox. Opinion June 1, 1891.

*Insolvency. Mortgage. Record. Prior Creditor. R. S., c. 70, § 33.*

A receipt and bill of sale of chattels were given *bona fide* for money loaned, and subsequently a promissory note and a formal mortgage of the same chattels, of the latter date, were given for the same loan. *Held*; that the latter were a renewal and not given by a "debtor to secure a debt to a prior existing creditor" within the meaning of R. S., chap. 70, § 33; and to be valid against the assignee in insolvency of the mortgagor the mortgage need not be "recorded three months at least prior to the commencement of the mortgagor's proceedings in insolvency."

ON EXCEPTIONS.

This was an action of replevin brought by the plaintiff, as assignee in insolvency of A. F. Cleveland, against the defend-

ant, to recover the possession of a soda-fountain and other articles of personal property. He claimed they were kept and detained by the defendant, by virtue of a mortgage, void under the insolvent law because not seasonably recorded.

The defendant contended that the mortgage was properly recorded, and further claimed title under a prior writing which appears in the opinion of the court. Defendant in his plea denied the taking, and for brief statement of defense alleged he was the owner of the property and had the right of possession.

The defendant testified, among other things, that he had the possession of the property all the time from February 26, 1889, when the loan was made to the insolvent and for which the mortgage was given in October following.

There was a *pro forma* ruling against the validity of the mortgage and the court gave judgment for the plaintiff. Thereupon the defendant excepted to the ruling.

*C. E. Littlefield*, for plaintiff.

Nothing like § 33 of chapter 70 is found in the bankrupt law, and all the authorities cited by the defendant are cases construing § 52 of chapter 70, or a similar clause of the bankrupt law and have no application or pertinence in the determination of a case arising under § 33, as at bar. The case of *Hutchinson* v. *Murchie*, 74 Maine, 187, discusses only the question of fraudulent preference and does not anywhere allude to § 33, or to the element of record as in any way affecting the question. The facts were such that § 33 would have had no application, and the question was not raised in the case.

The rights of the defendant depend upon the mortgage recorded November 1, 1889. This morgage was "given by the debtor to secure the debt of a prior existing creditor" and "it has not been recorded at least three months prior to the commencement of insolvency proceedings;" hence the title to the property was vested by the assignment in the assignee.

Counsel also cited : *In re, Wynne*, 4 B. R. 23 ; *In re, Jordon*, 9 N. B. R. 416.

*J. H. and C. O. Montgomery*, for defendant.

Plaintiff says § 52 does not act as a limitation upon § 33.

Section 52 says : "nothing in this chapter shall invalidate," etc. It places its limitations upon the entire chapter in whatever the provisions of any section are in conflict with it, § 33 with the others. And wherein § 33 requires all conveyances to be recorded in a certain time, § 52 excepts from those requirements, "security taken in good faith on the occasion of making such loan." Section 33 itself specially relates, to securities given to a prior existing creditor.

The cases relied upon by plaintiff are not in point. *In re, Jordon,* 9 B. R. 416, is a case where the first security was a preference. It was given for a pre-existing debt when the debtor was insolvent. The second could be no better. In fact it included additional property. It deals with security tainted with fraud. But in the discussion of that case, the court makes a distinction between such securities and securities made on the occasion of a cash loan. *In re, Wynne,* 4 B. R. 25, the court say : "We do not doubt that the assignee takes the property in the same plight in which it was held by the bankrupt when his petition was filed (*Bradshaw Klein,* 1 B. R. 542) subject to such liens or incumbrance as would effect it if no adjudication in bankruptcy had not been filed. . . . . This is what the act means when it vests in the assignee all property conveyed in fraud of creditors. It does not make any conveyance or incumbrance fraudulent."

These cases are not in conflict with the rules of this court and all courts that have dealt with securities given on the occasion of a cash loan.

VIRGIN, J.    Replevin by the assignee of an insolvent estate.

On February 26, 1889, the defendant loaned seven hundred dollars to his son (the insolvent) who, at the same time executed and delivered to him a written instrument of the following tenor : "$700.    Received of J. S. Cleveland, $700 to pay notes of G. W. Glover and D. H. Bisbee, for which I give the following as security ; one soda-fountain, three marbles and fixtures, four oval front show-cases, one square show-case and one Morris and Ireland Safe."

On October 1, 1889, the son gave to the defendant his promissory note of that date for seven hundred dollars payable in five years with interest annually and at the same time executed and delivered to him a mortgage in the usual extended form, of the same chattels.

The instrument of February, 1889, was never recorded or surrendered in fact, but the formal mortgage was recorded on November 1, 1889.

On November 16, 1889, the son filed his petition in insolvency, the plaintiff was subsequently appointed assignee and received the statutory assignment.

After due demand on the defendant and his refusal to deliver the chattels, the plaintiff, as assignee, on February 24, 1890, replevied them.

The presiding justice who tried the action without a jury, ruled in substance, that the mortgage of October 1, 1889, was "given by the debtor to secure a prior existing creditor;" and it not having "been recorded at least three months prior to commencement of insolvency proceedings" as provided by R. S., c. 70, § 33, was invalid as against the assignee.

But the court are of opinion that the note was but a renewal of the loan, and the mortgage was not given to secure a debt to a prior existing creditor but simply as a renewal of the former instrument of February 26, 1889; and therefore did not come within the provisions of R. S., c. 70, § 33. *Hutchinson* v. *Murchie*, 74 Maine, 187; R. S., c. 70, § 52.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.